# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PELAYO, | CASE NO. 1:12-cv-01274-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| K. SANTORO, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

_____/

## First Screening Order

### I.   Screening Requirement and Standard

Plaintiff Jose Pelayo, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 6, 2012.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2  do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic

3  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

4  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5  (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal

6  conclusions are not.  Iqbal, 556 U.S. at 678.

7        Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

8  liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d

9  1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's

10  claims must be facially plausible to survive screening, which requires sufficient factual detail to

11  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

12  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969

13  (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

14  consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678

15  (quotation marks omitted); Moss, 572 F.3d at 969.

16  **II.**  **Discussion**

17      **A.**  **Allegations**

18        Plaintiff, who is incarcerated at California Substance Abuse Treatment Facility in Corcoran,

19  brings this action against Associate Warden K. Santoro; Doctor A. Enenmoh, Chief Medical Officer;

20  and Doctor Kokor for violation of the Eighth Amendment of the United States Constitution.

21  Plaintiff's claim arises out of Defendants' failure to provide him with adequate medical care for his

22  back, legs, and knees, which he injured in August 2001 while at Folsom State Prison.  Plaintiff seeks

23  damages and injunctive relief.

24      **B.**  **Eighth Amendment Medical Care Claim**

25        **1.**  **Legal Standard**

26        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

27  federal rights by persons acting under color of state law, Nurre v. Whitehead, 580 F.3d 1087, 1092

28  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

1   Williams, 297 F.3d 930, 934 (9th Cir. 2002), but negligence does not support a claim for relief under

2   section 1983, Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing Estelle v. Gamble,

3   429 U.S. 97, 106, 97 S.Ct. 285 (1977)).   While the Eighth Amendment of the United States

4   Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison

5   official acts with deliberate indifference to an inmate's serious medical needs.  Snow, 681 F.3d at

6   985; Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

7                    **2.      Statute of Limitations**

8          As an initial matter, Plaintiff may not hold Defendants liable for general, unspecified events

9   beginning at Folsom State Prison and spanning almost twelve years.  Section 1983 requires personal

10  involvement in the violations at issue, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v.

11  Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d

12  1218, 1235 (9th Cir. 2009), and claims not brought within the statute of limitations period are barred,

13  Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).   The statute of limitations for claims

14  accruing before January 1, 2003, was one year, and for claims accruing on or after January 1, 2003,

15  the statute of limitations is two years. Cal. Civ. Proc. Code § 335.1; Jones v. Blanas, 393 F.3d 918,

16  927 (9th Cir. 2004); Maldonado, 370 F.3d at 954-55.  In addition, if Plaintiff is serving a term of less

17  than life, he is entitled to benefit from the two-year tolling statute, Cal. Civ. Proc. Code § 352.1, and

18  equitable tolling during the period of exhaustion may apply, McDonald v. Antelope Valley

19  Community College Dist., 45 Cal.4th 88, 99-103 (Cal. 2008).  Even assuming the benefit of statutory

20  and equitable tolling, as a practical matter, there is a limit to the viability of claims spanning a

21  twelve-year period.

22                    **3.      Involvement of Defendants**

23         Plaintiff's allegations do not support a claim under section 1983 against Defendants Santoro,

24  Enenmoh, and Kokor.  Defendants Santoro and Enenmoh, who are named in their official and

25  personal capacities, may not be held liable under section 1983 for the actions or omissions of their

26  subordinates and Plaintiff fails to allege any facts supporting the existence of a basis for liability

27

28

1  other than *respondeat superior*.[1]  Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons, 609

2  F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934.

3       With respect to Defendant Kokor, Plaintiff was seen and evaluated by Kokor in 2011,

4  apparently within the context of evaluating Plaintiff's inmate appeal rather than as Plaintiff's primary

5  care provider, but Plaintiff's complaint lacks sufficient facts to support a claim that Kokor knowingly

6  disregarded a substantial risk of harm to Plaintiff's health.  Farmer v. Brennan, 511 U.S. 825, 837,

7  114 S.Ct. 1970 (1994).  Plaintiff's mere disagreement with the course of treatment chosen by

8  physicians, which is the situation suggested by Plaintiff's exhibits, will not support a claim under

9  section 1983.  Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122.

10  **III.  Conclusion and Order**

11       Plaintiff's complaint fails to state a claim upon which relief may be granted under section

12  1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint.  Akhtar

13  v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

14  2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature

15  of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d

16  605, 607 (7th Cir. 2007).

17       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

18  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, and liability

19  may not be imposed on supervisory personnel under the theory of *respondeat superior*.  Iqbal, 556

20  U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235;

21  Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to

22  raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

23

24      [1] "A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal

25  involvement in the acts or omissions constituting the alleged constitutional violation."  Hartmann v. California Dep't of Corr. & Rehab., __ F.3d __, __, No. 11-16008, 2013 WL 600215, at *9 (9th Cir. Feb. 19, 2013) (citing Hafer v.

26  Melo, 502 U.S. 21, 25, 112 S.Ct. 358 (1991)).  "Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief."

27  Hartmann, 2013 WL 600215, at *9 (citing Los Angeles County v. Humphries, __ U.S. __, __, 131 S.Ct. 447, 452, 454 (2010)).  Here, however, it is clear from the complaint that Plaintiff seeks to hold Defendants Santoro and

28  Enenmoh responsible the actions or omissions of staff under their supervision, which is not permissible.

1    Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>,

2  693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference

3  to the prior or superceded pleading," Local Rule 220.

4    Accordingly, it is HEREBY ORDERED that:

5    1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim

6          under section 1983;

7    2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

8    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

9          amended complaint; and

10   4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

11         action will be dismissed, with prejudice, for failure to state a claim under section

12         1983.

16  IT IS SO ORDERED.

17  **Dated:     March 12, 2013**                    **/s/ Sheila K. Oberto**
                                                     UNITED STATES MAGISTRATE JUDGE